IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 10-cv-02833-BNB

ALLEN WOLFORD,

     Applicant,

v.

SHERIFF TERRY MAKETA, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

     Respondents.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 1 4 2011

GREGORY C. LANGHAM
                  CLERK

_____

ORDER OF DISMISSAL

_____

     Applicant, Allen Wolford, is confined at the El Paso County detention center in

Colorado Springs, Colorado. Mr. Wolford has filed *pro se* an application for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254. The Court must construe the application

liberally because Mr. Wolford is not represented by an attorney. *See Haines v. Kerner*,

404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d

at 1110. For the reasons stated below, the Court will dismiss the action.

     Mr. Wolford alleges in his Application that he was arrested on charges of forgery

and attempted theft pursuant to a facially invalid warrant issued by a state court judge in

Reno, Nevada, and was held without bail in a Reno jail for seventy-three days before he

was extradited to Colorado. He challenges the legality of the extradition proceeding in

Nevada and seeks dismissal of all pending criminal charges in Colorado.

     On October 20, 2010, Mr. Wolford filed a Petition for a Writ of Habeas Corpus

Pursuant to 28 U.S.C. § 2254 in the United States District Court for the District of Nevada challenging his arrest and pending extradition. *See Wolford v. Sheriff Washoe County, et al.*, United States District Court for the District of Nevada Civil Action No. 10-cv-00658-ECR-RAM (Doc. No. 4) (www.pacer.com). The August 20, 2010, arrest warrant attached to Mr. Wolford's application states that he was charged in the State of Colorado with the crime of forgery and was a fugitive from justice. *Id.* On November 2, 2010, the United States District Court for the District of Nevada dismissed the habeas application without prejudice for Mr. Wolford's failure to exhaust state court remedies challenging the pending extradition proceeding. *Id.*, (Doc. No. 3).

"Before a fugitive in custody is extradited to the demanding state, he may challenge the authority of the asylum state by seeking a federal writ of habeas corpus." *Gee v. Kansas*, 912 F.2d 414, 416 (10th Cir. 1990). However, "[o]nce extradition has been granted by the governor of the asylum state, the 'grant of extradition is prima facie evidence that the constitutional and statutory requirements [for extradition] have been met." *Id.* (quoting *Michigan v. Doran*, 439 U.S. 282, 289 (1978)). Therefore, the scope of judicial review in extradition proceedings "is limited to whether 1) the extradition documents are facially in order, 2) the petitioner demanded is charged with a crime, 3) the petitioner is the person named in the extradition request, and 4) the petitioner demanded is a fugitive from justice." *Id.* at 416-17.

In his application, Mr. Wolford challenges the facial validity of the arrest warrant. However, the extradition proceeding in Nevada was completed in November. Applicant no longer has a federal habeas remedy to challenge proceedings in the asylum state.

2

*See Gee*, 912 F.2d at 416 ("once the prisoner has been returned to the demanding

state, the writ of habeas corpus is no longer available to challenge his confinement

upon grounds arising in the asylum state") (internal quotation omitted).  Furthermore, to

the extent Mr. Wolford intends to challenge the validity of the pending criminal charges,

he must do so in the Colorado criminal proceeding.  *See Doran*, 439 U.S. at 290.

Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is

dismissed without prejudice.  It is

FURTHER ORDERED that no certificate of appealability will issue because

Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this  14th  day of ____January_____, 2011.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, JUDGE

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02833-BNB

Allen Wolford
Prisoner No.  0238297
El Paso County Criminal Justice Center
2739 E. Las Vegas St.
Colorado Springs, CO 80906

I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on January 14, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk